**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA**

**CASE NO. 19-80032-CR-ALTMAN**

**UNITED STATES OF AMERICA**,

*v.*

**CHRISTOPHER TAVORRIS WILKINS**,
    *Defendant.*

_____/

## ORDER

On February 16, 2026, our Defendant, Christopher Tavorris Wilkins, filed a *pro se* Motion Requesting Modification of Imposed Sentence (the "Motion") [ECF No. 309] and an accompanying 134-page memorandum of law ("Memorandum") [ECF No. 310] under 18 U.S.C. § 3582(c)(1)(A)(i). Because Wilkins is *pro se*, we'll consider the Motion and Memorandum together.[1] Wilkins asks us for *both* compassionate release and a reduction in his sentence. *See generally* Mot.; Mem. On March 2, 2026, the Government responded to both the Motion and the Memorandum. *See* Government's Response in Opposition ("Resp.") [ECF No. 312]. After careful review, we **DENY** the Motion.

### THE LAW

"A federal court generally 'may not modify a term of imprisonment once it has been imposed.'" *Dillon v. United States*, 560 U.S. 817, 819 (2010) (quoting 18 U.S.C. § 3582(c)). Congress has provided the courts with only three narrow circumstances in which it may modify a term of

---

[1] "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (cleaned up); *see also Saunders v. Duke*, 766 F.3d 1262, 1266 (11th Cir. 2014) ("We also construe the complaint liberally because it was filed *pro se.*"); *cf.* FED. R. CIV. P. 8(f) ("All pleadings shall be so construed as to do substantial justice."). Still, while we treat *pro se* litigants with some leniency, "this leniency does not give a court license to serve as *de facto* counsel for a party or to rewrite an otherwise deficient pleading in order to sustain an action." *Schwarz v. Ga. Composite Med. Bd.*, 2021 WL 4519893, at *2 (11th. Cir. 2021) (quoting *GJR Inv., Inc. v. Cnty. of Escambia*, 132 F.3d 1359, 1369 (11th Cir. 1998)).

imprisonment: "(1) when warranted by 'extraordinary and compelling reasons' or the defendant's age; (2) when the sentence is 'based on a sentencing range that has subsequently been lowered' by a retroactive amendment to the guidelines; and (3) when 'otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *United States v. Tomlinson*, 2023 WL 2487327, at *1 (11th Cir. Mar. 14, 2023) (quoting 18 U.S.C. § 3582(c)(1)–(2)); *accord United States v. Denson*, 963 F.3d 1080, 1086, n.5 (11th Cir. 2020). "The authority of a district court to modify an imprisonment sentence is narrowly limited by statute." *United States v. Phillips*, 597 F.3d 1190, 1194-95 (11th Cir. 2010).

The Eleventh Circuit has said that "[a] district court may grant compassionate release if: (1) an extraordinary and compelling reason exists; (2) a sentencing reduction would be consistent with U.S.S.G. § 1B1.13; and (3) the 18 U.S.C. § 3553(a) factors weigh in favor of compassionate release." *United States v. Smith*, 2025 WL 900016, at *1 (11th Cir. Mar. 24, 2025). "When the district court finds that one of these three prongs is not met, it need not examine the other prongs." *Ibid.*

## THE FACTS

After a trial, a jury in our District found the Defendant guilty of one count of being a felon in possession of ammunition, in violation of 18 U.S.C. 922(g)(1); one count of being a felon in possession of a firearm, in violation of 18 U.S.C. 922(g)(1); and two counts of tampering with a witness, victim, or informant, in violation of 18 U.S.C. § 1512(b). *See* Amended Judgment [ECF No. 249 at 1] at 1. We sentenced the Defendant to 120 months in prison for the felon-in-possession counts and 210 months in prison for the tampering counts—all to run concurrently.[2] *Id.* at 2. On December 26, 2020, the

---

[2] In a separate case, on January 20, 2022, a jury found Wilkins guilty of two counts: assaulting an Assistant U.S. Attorney, in violation of 18 U.S.C. § 111(a)(1); and threatening to assault and murder an Assistant U.S. Attorney, in violation of 18 U.S.C. § 115(a)(1)(B). *See United States v. Wilkins*, 21-cr-60037, Jury Verdict [ECF No. 77] at 1–2 (Cannon, J.). For this second case, Judge Cannon sentenced Wilkins to 80 months in prison, "to run concurrently to one another, but to run consecutively" to our 210-month sentence. *Id.*, Judgment [ECF No. 93] at 1–2. Wilkins's combined sentence is therefore 290 months.

Defendant appealed his conviction and sentence. *See* Notice of Appeal [ECF No. 238]. But the Eleventh Circuit affirmed. *See* Mandate of the United States Court of Appeals [ECF No. 271].[3] The Defendant then filed a *pro se* Motion under 28 U.S.C. § 2255 to Vacate Sentence [ECF No. 286], which we denied, *see* July 12, 2023, Order [ECF No. 290].[4] On March 26, 2024, Wilkins filed his First Motion to Reduce Sentence [ECF No. 291], arguing that he was eligible for a sentence reduction under Amendment 821 to the U.S. Sentencing Guidelines. *See* First Motion to Reduce Sentence at 1–2 ("All three [of the Defendant's arguments] supposedly pertain to Amendment 821[.]"). On April 4, 2024, we denied that motion *both* because Wilkins wasn't entitled to a reduction under 821 *and* because his arguments really should have been made under § 2255. *See* Order Denying First Motion to Reduce [ECF No. 295] at 4 ("In short, the change the Defendant is asking for would have no effect on the Defendant's guidelines range, and 18 U.S.C. § 3582(c)(2) therefore doesn't apply to his case."); *id.* at 5 ("The Defendant is thus essentially arguing that we erred at his sentencing by misapprehending U.S.S.G. § 4A1.3 and § 4A1.2 as they existed at that time. But that's not an argument the Defendant can make under 18 U.S.C. § 3582(c)(2).").

**ANALYSIS**

In this Motion, Wilkins advances a long list of mostly frivolous arguments, only three of which we can reasonably construe as requests for a sentence reduction. The rest we deny summarily.[5] *First,*

---

[3] *See United States v. Wilkins*, 2022 WL 98748 (11th Cir. Jan. 10, 2022).

[4] *See* Westlaw as *Wilkins v. United States*, 2023 WL 4509735 (S.D. Fla. July 13, 2023) (Altman, J.).

[5] In both the Motion and the Memorandum, Wilkins again attacks what he believes to be errors we made at sentencing. *See, e.g.*, Mem. at 2 ("Due to the Court errors[,] . . . [m]odification of sentence and reduction in sentence is warranted."); *ibid.* ("Due to the Court errors in initially calculating movant's sentencing of 'official detention' of time already served for consecutive term . . . the law clearly states a Defendant shall receive all time spent in federal custody, and shall fully be credited towards any federal sentence."); *id.* at 9 ("The enhancements were improper and cumulative . . . the District Court had it[]s mind made up about Mr. Wilkins['s] sentence regardless of the proper advisory guideline range. The government and District Court clearly applied double-counting standards . . . [w]hen it is imposed the illegal 210-month sentence exceeding the guideline range of level 29 advisory guideline of 151-188 months."); *ibid.* ("So, with this reasoning of racial bias[ ], what's the purpose of calculating

he says that he has "a serious physical or medical condition[.]" Mot. at 4. *Second*, he claims that he was subjected to "physical abuse resulting in 'serious bodily injury[.]'" *Id.* at 5; *see also* Mem. at 9. *Third*, he contends that he was sentenced to an "unusually long sentence[.]" Mot. at 5; *see also* Mem. at 6, 13. But Wilkins fails to satisfy the "extraordinary and compelling" test outlined in U.S.S.G. § 1B1.13(b).

As our Circuit has explained, "Section 1B1.13 provides that an extraordinary and compelling reason exists under any of the following circumstances or a combination thereof: the medical circumstances of the defendant; the age of the defendant; the family circumstances of the defendant; or if the defendant was the victim of abuse while serving a term of incarceration." *Smith*, 2025 WL 900016, at *1 (citing § 1B1.13). Wilkins relies on both the "medical condition" and the "abuse while

---

advisory guidelines, filing objections, or debating the reasons for or against an upward departure? . . . The Government, the Court, and witnesses were all white individuals which is *proven political driven bias*[ ] and racism to *prejudice* Mr. Wilkins." (errors in original & emphasis added)).

But a motion for reduction of sentence under § 3582(c) is *not* the proper mechanism for asserting these arguments. *See United States v. Bravo*, 203 F.3d 778, 781 (11th Cir. 2000) ("This Circuit has been very clear in holding that a sentencing adjustment undertaken pursuant to Section 3582(c)(2) does not constitute a *de novo* resentencing. . . . Indeed, we have held that all original sentencing determinations remain unchanged with the sole exception of the guideline range that has been amended since the original sentencing."); *see also United States v. Stossel*, 348 F.3d 1320, 1322 n.2 (11th Cir. 2003) ("Appellant's motion could fit under § 3582(c) *only if* he was arguing his sentence should be modified based on a subsequent sentencing guideline amendment." (emphasis added)). A defendant must instead advance such claims either in his direct appeal or through a motion under 28 U.S.C. § 2255. *See* 18 U.S.C. § 3742(a) ("A defendant may file a notice of appeal in the district court for review of an otherwise final sentence if the sentence (1) was imposed in violation of law; (2) was imposed as a result of an incorrect application of the sentencing guidelines; or (3) is greater than the sentence specified in the applicable guideline range to the extent that the sentence includes a greater fine or term of imprisonment, probation, or supervised release than the maximum established in the guideline range . . . ; or (4) was imposed for an offense for which there is no sentencing guideline and is plainly unreasonable."); *see also* 28 U.S.C. § 2255(a) ("A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States, or that the court was without jurisdiction to impose such sentence, or that the sentence was in excess of the maximum authorized by law, or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."). Unfortunately for Wilkins, he's already challenged his sentence through both of these mechanisms—and has been denied relief both times. *See* Mandate of the U.S. Court of Appeals; *see also* July 12, 2023, Order.

serving a term of incarceration" provisions. *See generally* Mot.; Mem. But his arguments are unpersuasive.

## I.        Compassionate Release for Medical Condition

"[A] compassionate release due to a medical condition is an extraordinary and rare event." *United States v. Rodriguez-Orejuela*, 457 F. Supp. 3d 1275, 1282 (S.D. Fla. 2020) (Moreno, J.). But to prevail under § 1B1.13(b)(1)(B), the prisoner must show that he is "suffering [either] from a serious physical or medical condition" or "a serious functional or cognitive impairment," which "substantially diminishes the ability of the defendant to provide self-care within the environment of a correctional facility and from which he or she is not expected to recover." § 1B1.13(b)(1)(B).

Wilkins says that he suffers from kidney problems, past suicidal thoughts, and ADHD. *See* Mem. at 11 ("[The] Defendant suffers from kidney disease of an enlarged kidney."); *id.* at 12 ("Wilkins was diagnosed as 'ADHD' at age 10."); *id.* at 13 (noting "his mental health thoughts of suicide"); *see also generally* Mem. None comes close to justifying the extraordinary relief he's seeking. For one thing, Wilkins provides no documentation for his conditions. And we won't release a thrice-convicted felon on the basis of unverified (and uncorroborated) self-diagnoses. *See United States v. Rojas*, 2021 WL 1895810, at *5 (S.D. Fla. May 11, 2021) (Altman, J.) ("And this Court will not release a thrice-convicted fraudster on the basis of an unverified (and uncorroborated) self-diagnosis."); *Klatch v. United States*, 2020 WL 1694299, at *2 (M.D. Fla. Apr. 7, 2020) (Whittemore, J.) (denying compassionate release based, in part, on the defendant's failure to "provide any medical documentation in support of his assertions"); *United States v. Diaz-Rosado*, 2023 WL 2129555, at *4 (11th Cir. Feb. 21, 2023) (affirming denial of compassionate release because the "Defendant did not provide evidence to substantiate his claim to have severe or chronic kidney disease"); *United States v. Samson*, 2020 WL 7698972, at *7 (S.D. Fla. Dec. 28, 2020) (Altman, J.) ("But Samson has submitted *no* medical evidence to support his claim to hypertension. This Court will not

5

release Samson on the basis of an unsubstantiated medical claim."). That's reason enough to deny the Motion.

For another, none of the relatively minor conditions Wilkins complains of constitutes an "extraordinary and rare event." *Rodriguez-Orejuela*, 457 F. Supp. 3d at 1282; *see also United States v. Davison*, 2021 WL 1651209, at *4 (S.D. Ala. Apr. 27, 2021) (DuBose, C.J.) ("Moreover, chronic conditions that can be managed in prison are not a sufficient basis for compassionate release."); *Hughes v. Judd*, 108 F. Supp. 3d 1167, 1251 (M.D. Fla. 2015) (Merryday, J.) (finding that "the general psychiatric community regards ADHD, by itself, as not a serious mental illness" (cleaned up)); *United States v. Jeune*, 2025 WL 1124491, at *2 (S.D. Fla. Apr. 16, 2025) (Scola, J.) ("Nor do Jeune's chronic kidney disease and other kidney-related maladies qualify as an extraordinary and compelling reasons for compassionate release."). Wilkins, in fact, admits that he doesn't require assistance with self-care. *See* Mot. at 10 (answering "No" to the question: "Do you require assistance with self-care such as bathing, walking, toileting?"); *see also United States v. Mesa*, 2022 WL 17851985, at *2 (11th Cir. Dec. 22, 2022) ("Mesa has not shown that any of his [conditions] are terminal, so debilitating that they substantially diminish his ability to provide self-care in prison, or that they are not manageable in prison. Nor has Mesa substantiated his claims of inadequate medical care.").

## II.     The Defendant's Remaining Arguments are Unpersuasive

Wilkins's second and third arguments fare no better. Wilkins argues that he "was a victim of physical abuse resulting in 'serious bodily injury[.]'" Mot. at 10. To prevail on this claim, Wilkins must establish the abuse "by a conviction in a criminal case, a finding or admission of liability in a civil case, or a finding in an administrative proceeding, unless such proceedings are unduly delayed or the defendant is in imminent danger." U.S.S.G. § 1B1.13(b)(4)(A), (B). But Wilkins has provided no such proof. Instead, he simply alleges (without documentation) that there's a "pending complaint." Mem. at 9. That's not enough.

Next, Wilkins asks us to release him because his total sentence of 290 months is an "overtly [sic] long sentence." Mem. at 6. We easily reject this claim because to qualify for relief under § 1B1.13(b)(6), he must have "served at least 10 years of the term of imprisonment[.]" U.S.S.C. § 1B1.13(b)(6). But Wilkins has been in for less than six years. *See* Amended Judgment at 1 ("Date of Imposition of Sentence: 12/17/2020[.]"). Besides, Wilkins "threatened and promised to kill [federal prosecutors] and hunt them down whenever he is released from prison." Sentencing Transcript [ECF No. 245] 83:21–23. As we've said, he's "[j]ust absolutely a person who has zero regard for the law, zero regard for the rules of civilized society," *id.* at 84:10–11, and he has a "complete lack of contrition and lack of acceptance of responsibility," *id.* at 85:2–3. To reduce his sentence now would suggest that his offenses were not so serious, undermine the People's respect for the law, and afford minimal deterrence against Wilkins's many crimes. We won't have any part in that.

\* \* \*

We therefore **ORDER** and **ADJUDGE** that the Motion Requesting Modification of Imposed Sentence [ECF No. 309], even when considered together with the accompanying Memorandum [ECF No. 310], is **DENIED**.

**DONE AND ORDERED** in the Southern District of Florida on May 18, 2026.

_____
**ROY K. ALTMAN**
**UNITED STATES DISTRICT JUDGE**

cc:     Christopher Wilkins, *pro se*
        counsel of record

7